1
2
3
4
5
6
7                                    NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   TIMOTHY GENS,                          Case Number C 05-01009 JF (PVT)

13                    Plaintiff,            ORDER[1] (1) DENYING PLAINTIFF'S
                                            MOTION TO REMAND; AND
14              v.                          (2) DENYING DEFENDANT'S
                                            MOTION TO DISMISS THE
15   SEZ AMERICA, INC.,                     DEFAMATION CLAIM

16                    Defendant.

17                                          [Doc. Nos. 6, 8]

18

19        Plaintiff Timothy Gens ("Gens") moves to remand the instant action to the Santa Clara

20   Superior Court.  Defendant SEZ America, Inc. ("SEZ America") opposes remand and moves to

21   dismiss Gens' claim for defamation with prejudice.  The Court has considered the parties' papers

22   as well as the oral arguments presented at the hearing on August 26, 2005.  For the reasons

23   discussed below, both motions will be denied.

24                               I. BACKGROUND

25        In November 1999, Gens and another individual formed a company called L-Tech

26   Corporation.  In May 2002, L-Tech merged with SEZ America.  Gens thereafter was employed at

27   _____

28        [1] This disposition is not designated for publication and may not be cited.

     Case No. C 05-01009 JF (PVT)
     ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND, ETC.
     (JFLC2)

SEZ America's facility in Mountain View, California.  Gens was terminated by SEZ America on October 29, 2003.  On October 28, 2004, Gens filed the instant lawsuit against SEZ America in the Santa Clara Superior Court, alleging claims for: (1) age discrimination; (2) termination in violation of public policy; (3) intentional infliction of emotional distress; and (4) defamation.

The complaint does not specify the particular statutory basis for the age discrimination claim, but rather alleges in general terms that:

> By law, defendants are required to refrain from discriminating against any employee on the basis of age, among other things. Gens has timely filed a complaint with the California Department of Fair Employment and Housing and EEOC, and sought a right-to-sue letter.

Complt. ¶ 11.  With respect to age discrimination, the complaint also alleges that Gens is more than forty years old, that he was performing his job satisfactorily, that age was a factor in the decision to terminate him, and that after the termination SEZ America hired an individual under the age of forty to perform Gens' former duties.  *Id.* at ¶¶ 11-12.  The complaint does not allege any facts from which it could be inferred whether Gens claims more than $75,000 in damages.

SEZ America was served with the summons and complaint on December 9, 2004, and thereafter propounded discovery upon Gens.  SEZ America also filed a demurrer to Gens' defamation claim on January 11, 2005.  Gens served discovery responses on February 18, 2005, stating *inter alia* that "damages calculations have not been finalized, but are expected to exceed $4.0 million."  A few days later, on February 22, 2005, SEZ America's demurrer to the defamation claim was sustained with leave to amend.

On March 10, 2005, Defendant removed the action to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.  The notice of removal asserts that SEZ America first learned that the amount in controversy exceeds $75,000 when it received Gens' discovery responses on February 18, 2005.  The notice of removal further asserts that while Gens is a citizen of California, SEZ America is a citizen of the states of Delaware (state of incorporation) and of Arizona (principal place of business).

Gens filed the instant motion to remand the case to state court on April 11, 2005, asserting that: (1) the removal was untimely; (2) complete diversity of citizenship does not exist;

2

1    and (3) SEZ America waived its right to remove.  On April 29, 2005, SEZ America filed a

2    motion to dismiss Gens' cause of action for defamation under Federal Rule of Civil Procedure

3    41(b), governing dismissal based upon failure to prosecute or to comply with a court order.  On

4    June 1, 2005, after briefing on both motions was completed, Gens declined to consent to

5    assignment of this case to Magistrate Judge Trumbull, to whom it had been assigned upon

6    removal, and requested reassignment to a district judge.  The case was reassigned to the

7    undersigned on June 2, 2005.  On June 14, 2005, the parties were informed that a Case

8    Management Conference had been set for August 26, 2005, to be heard with the parties' motions.

9    On June 20, 2005, SEZ America filed a notice of change of hearing date regarding its motion to

10   dismiss.

11              On July 15, 2005, Gens filed a "re-notice of and motion to remand and for costs on

12   grounds of untimely filing for removal, lack of diversity, and other defects."  In addition to the

13   "re-notice of motion," Gens also filed a supplemental memorandum of points and authorities in

14   support of the motion to remand.  The supplemental memorandum asserts that the complaint

15   discloses federal question jurisdiction on its face, because it alleges "violation of the Equal

16   Employment Opportunity Commission (EEOC) Age Discrimination in Employment Act (29

17   U.S.C. § 621 et seq.)."  As a result, Gens argues, SEZ America had only thirty days after service

18   of the complaint to remove the action, and removal was untimely even assuming that diversity

19   was not disclosed until SEZ America received Gens' discovery responses.  SEZ America

20   submitted its response to Gens' supplemental memorandum on August 4, 2005.  A hearing on the

21   motions was held August 26, 2005.

22                                    **II. MOTION TO REMAND**

23              Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

24   may remove an action to federal court if the plaintiff could have filed the action in federal court

25   initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389,

26   1393 (9th Cir. 1988).  A party may file an action in federal court if there is diversity of

27   citizenship among the parties or if the action raises a substantial federal question.  *Ethridge*, 861

28   F.2d at 1393.  The party invoking the removal statute bears the burden of establishing federal

3

jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

**A.     Diversity**

SEZ America removed the action to this Court on the basis of diversity of citizenship. Gens contends that the removal on this basis is defective both because the notice of removal was filed more than thirty days after SEZ America received the complaint and because there is not complete diversity of citizenship between Gens and SEZ America.

**1.     Timeliness**

Notice of removal is governed by 28 U.S.C. § 1446(b). "The statute provides two thirty-day windows during which a case may be removed – during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

The question, then, is whether it appears from the "four corners" of the complaint that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a) (setting forth $75,000 as the jurisdictional minimum). The complaint is silent with respect to the amount in controversy and does not allege facts from which an amount could be inferred. The fact that SEZ America had subjective knowledge of Gens' compensation while employed by SEZ America is immaterial. Because it is not apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction, the action was not removable on the basis of diversity at the time the complaint was received by SEZ America. The notice of removal was filed within thirty days after SEZ America received Gens' interrogatory responses asserting damages in excess of $4 million.

4

1

      **2.**     **Citizenship**

2       With respect to Gens' assertion that there is not complete diversity between himself and

3 SEZ America, "a corporation shall be deemed to be a citizen of any State by which it has been

4 incorporated and of the State where it has its principal place of business." 28 U.S.C. §

5 1332(c)(1). "Where a majority of a corporation's business activity takes place in one state, that

6 state is the corporation's principal place of business, even if the corporate headquarters are

7 located in a different state." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th

8 Cir. 1990). "The principal place of business should be the place where the corporation conducts

9 the most activity that is visible and impacts the public, so that it is least likely to suffer from

10 prejudice against outsiders." *Id.* Factors relevant to determining the location of the majority of

11 corporate activity and greatest contact with the public include the location of employees, tangible

12 property, and production activities are relevant factors; and the locations where income is earned,

13 purchases are made and sales take place. *Id.* Federal removal jurisdiction on the basis of

14 diversity is "determined (and must exist) as of the time the complaint is filed and removal is

15 effected." *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-1132 (9th Cir.

16 2002).

17       Gens contends that during the "relevant period" SEZ America's principal place of

18 business was in California, the same state of which Plaintiff was and is a citizen. It appears that

19 Gens believes the "relevant period" to be the time of his *termination*. *See* Gens Decl., ¶¶ 6-9.

20 However, as noted above, the relevant times for determining diversity jurisdiction are the time

21 the complaint was filed and the time removal was effected. SEZ America submits the

22 declaration of its Executive Vice President and Chief Operating Officer, Susan F. Jones, to

23 establish that at the time the complaint was filed, and at the time of removal, SEZ America's

24 principal place of business was in Arizona, not California.

25       Ms. Jones declares as follows: prior to May 2002, SEZ America had a single facility,

26 located in Phoenix, Arizona. Jones Decl., ¶ 4. In May 2002, SEZ America acquired L-Tech, a

27 company based in Mountain View, California. *Id.* At the time, L-Tech was selling technology

28 for drying wafers and "wet bench" processing. *Id.* at ¶ 5. After the acquisition of L-Tech, SEZ

5

1   America sold its drying technology products from the Mountain View location, and Gens

2   functioned as patent counsel and general operations manager for SEZ America at the Mountain

3   View facility.  *Id.*  In March 2003, SEZ America decided to discontinue producing wet bench

4   tools.  *Id.* at ¶ 6.  In October 2003, SEZ America decided to eliminate the Mountain View facility

5   as a sales unit for dryers and dryer technology, and no longer required a sales force, operations

6   manager, or any administrative employees at the Mountain View facility.  *Id.*  Consequently, in

7   later 2003, SEZ America laid off all five of the former L-Tech employees, including Gens.  *Id.*

8   SEZ America converted the Mountain View facility into a research center for development of

9   new and different technologies and intellectual property.  *Id.*  Since October 2003, the Mountain

10  View facility has never employed more than four employees, and those employees report to Ms.

11  Jones, whose office is in Phoenix, Arizona, for administrative matters.  *Id.* at ¶ 7.

12          SEZ America had substantially the same number of employees – sixty-four – at the time

13  the complaint was filed in October 2004 and at the time the notice of removal was filed in March

14  2005.  Jones Decl., ¶ 8.  Forty of the employees worked out of SEZ America's Arizona offices

15  and facilities, while only three worked in Mountain View.  *Id.*  As of the date the complaint was

16  served on SEZ America in December 2004, and continuing through May 2005:  (1) the majority

17  of SEZ America's business activity took place in Arizona (99.5% of fiscal sales, 99.8% of

18  receivables and 97.2% of inventories) and SEZ America's greatest contact with the public was in

19  Arizona; (2) all of SEZ America's product purchases were made from Arizona; (3) SEZ America

20  maintained more than 65,000 square feet of office, warehouse and lab space in Phoenix Arizona,

21  but only a 3,630 square foot building in Mountain View; (4) the tangible property maintained in

22  Arizona was valued in excess of $16,000,000, while the tangible property in Mountain View was

23  valued at $268,485; and (5) SEZ America's executives all maintained their offices in Phoenix,

24  Arizona and all administrative functions were performed out of the Arizona offices.  *Id.* at ¶¶ 9-

25  11.

26          Based upon the evidence in the record, the Court concludes that during the relevant

27  period SEZ America's principal place of business was in Arizona, not California, and that

28

                                                6

1  removal therefore was proper on the basis of diversity of citizenship.[2]

2  **B.    Federal Question**

3      Gens contends that even if removal based upon diversity of citizenship otherwise would

4  be proper, the action should be remanded on the ground that SEZ America waived its right to

5  remove.[3]  More specifically, Gens contends that the complaint discloses federal question

6  jurisdiction on its face and that SEZ America did not remove the action on the basis of federal

7  question jurisdiction within thirty days after receipt of the complaint.  Under these circumstances,

8  Gens argues, SEZ America waived its right to subsequently remove the action on the basis of

9  diversity jurisdiction.

10      "Federal question jurisdiction extends only in those cases in which a well-pleaded

11  complaint establishes 'either that federal law creates the cause of action or that the plaintiff's

12  right to relief necessarily depends on a resolution of a substantial question of federal law.'"

13  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 882 (9th Cir. 1997) (citing *Franchise Tax Bd.*

14  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  "[I]n order for a complaint

15  to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-

16  pleaded complaint that there is a federal question." *Easton*, 114 F.3d at 882 (citation omitted).

17      In its discussion of removal jurisdiction in the context of federal question cases, the

18  California Practice Guide: Federal Civil Procedure Before Trial, states that:

19

20  ────────────

21     [2] Gens makes an additional argument that there is not complete diversity of citizenship

22  between Gens and all "Doe" defendants.  "For purposes of removal . . . the citizenship of
defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).  In

23  determining whether diversity of citizenship exists, only the named defendants are considered.
*Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-691 (9th Cir. 1998)

24
   [3] Gens' waiver argument is presented in his supplemental memorandum in support of his

25  motion to remand.  SEZ America objects to that memorandum and requests that it be stricken on
the ground that it was filed in violation of Civil Local Rule 7-3(d).  The Court agrees that the

26  supplemental memorandum is procedurally defective.  However, in light of Gens' *pro se* status
and in the absence of prejudice to SEZ America, which had the opportunity to file a written

27  response to the supplemental memorandum and to argue the points raised therein at the hearing,
the Court in its discretion will consider the supplemental memorandum.

28

1
2
3
4

> Sometimes, a state court complaint may not set forth the statutory basis for a particular claim (e.g., general allegation of 'age discrimination' without specifying whether the right derives from state or federal law).  In such circumstances, defendants are obliged to ascertain, through discovery or otherwise, whether plaintiff intends to proceed under the alternative federal statute and if so, may then remove.

5
6

Schwarzer, Tashima, and Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* ¶ 2:711; *see also id.* at ¶ 2:932.

7
8
9
10
11

Gens contends that the first claim set forth in his complaint, asserting "age discrimination," discloses a federal question.  However, as noted above, the claim does not indicate that it is asserted under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, or any other federal statute.  The only arguable reference to federal statute is the following allegation:

12
13
14

> By law, defendants are required to refrain from discriminating against any employee on the basis of age, among other things.  Gens has timely filed a complaint with the California Department of Fair Employment and Housing ["DFEH"] and EEOC, and sought a right-to-sue letter.

15
16
17
18
19
20
21
22
23
24
25

Complt., ¶ 11.  Gens argues that the reference to the "EEOC" is sufficient to disclose that the claim is asserted under federal statute.  However, administrative remedies must be exhausted before a plaintiff may bring suit under either the ADEA *or* California's Fair Employment and Housing Act ("FEHA").  *See* 29 U.S.C. §§ 626(d), 633(b); Cal. Gov. Code §§ 12960, 12965(b).  Charges filed with either the EEOC or the DFEH are deemed "constructively filed" with the other.  *See McConnell v. General Tel. Co. of Calif.,* 814 F.2d 1311, 1316 (9th Cir. 1987); Chin, Cathcart, Exelrod and Wiseman, *Cal. Prac. Guide: Employment Litigation*, Other Defenses ¶ 16.9.  The references to exhaustion of administrative remedies with both the EEOC and the DFEH thus are insufficient, standing alone, to disclose that Gens is proceeding under the ADEA rather than under the FEHA.  Accordingly, the complaint was not removable based upon federal question jurisdiction at the time it was filed.

26

**C.     Waiver Based Upon Acquiescence To State Court Jurisdiction**

27
28

Gens argues that SEZ America waived its right to remove by filing a general demurrer that was heard and ruled upon by the Superior Court.  SEZ America contends that its pre-removal

8

conduct does not amount to a waiver of its right to removal.

"A defendant may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right of removal must be clear and unequivocal." *Id.* "The right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.*

SEZ America's demurrer was filed prior to service of Gens' discovery responses disclosing that the amount in controversy exceeds $75,000 and thus that the action was removable on the basis of diversity of citizenship. Those discovery responses were served on Friday, February 18, 2005, and the demurrer was heard only four days later, on Tuesday, February 22, 2005, at which time the state court sustained the demurrer with leave to amend. It is not clear from the record that SEZ America had received or reviewed Gens' discovery responses at the time the demurrer was heard. SEZ America filed the notice of removal only a few weeks after the hearing on the demurrer, on March 10, 2005. The Court concludes that this record does not demonstrate manifestation of an intent on the part of SEZ America to have the case adjudicated in state court or to abandon its rights to pursue the action in federal court.

### III. MOTION TO DISMISS

SEZ America moves to dismiss Gens' claim for defamation with prejudice pursuant to Federal Rule of Civil Procedure 41(b), on the ground that Gens failed to comply with the order of the Superior Court (prior to removal) to amend his complaint with thirty days of receipt of the order. When determining whether to dismiss a claim or action under Rule 41(b), the Court must balance five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Gens contends that the state court order was stayed by the motion to remand. "After removal, the federal court takes the case up where the State court left it off." *Jenkins v.*

9

1  *Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (internal quotation marks

2  and citations omitted).  Gens therefore had a technical obligation to proceed with his amendment

3  despite the parties' dispute with respect to the propriety of the removal.  However, dismissal for

4  failure to comply with this technical obligation – particularly in light of Gens' *pro se* status and

5  the somewhat unusual procedural history of this case – would not serve the public policy

6  favoring disposition of claims on their merits.  Defendants will not be prejudiced by permitting

7  Gens to attempt amendment to his defamation claim, and once Gens has amended there is no

8  reason why this action cannot proceed in an expeditious manner.  Accordingly, the Court will

9  deny the motion to dismiss an grant Gens seven days within which to file an amended pleading.

10                                          **IV. ORDER**

11      (1)     Plaintiff's motion to remand is DENIED;

12      (2)     Defendant's motion to dismiss is DENIED; and

13      (3)     Plaintiff shall file an amended pleading within seven (7) days after service of this
                order.

20  DATED:  3/28/06

23  JEREMY FOGEL
    United States District Judge

Case No. C 05-01009 JF (PVT)
ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND; ETC.
(JFLC2)

1

2    A copy of this Order was served on the following persons:

3

4    Plaintiff *pro se*:

5    Timothy Gens
     Post Office Box 61029
6    Palo Alto, CA 94306

7    Counsel for Defendant SEZ America:

8    Jason A. Geller
     David P. Borovsky
9    Long & Levit LLP
     465 California Street, Suite 500
10   San Francisco, CA 94104

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

Case No. C 05-01009 JF (PVT)
ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND; ETC.
(JFLC2)