NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TIMOTHY GENS,<br><br>             Plaintiff,<br><br>      v.<br><br>SEZ AMERICA, INC.,<br><br>             Defendant. | Case Number C 05-01009 JF (PVT)<br><br>ORDER[1] RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE<br><br>[Re: Doc. No. 38] |

    Defendant SEZ America, Inc. ("SEZ America") moves to dismiss certain claims and to strike certain allegations set forth in the first amended complaint ("FAC") of Plaintiff Timothy Gens ("Gens"). The Court has considered the parties' papers as well as the oral arguments presented at the hearing on June 2, 2006. The motions are addressed as follows:

**I. BACKGROUND**

    In November 1999, Gens and Gary Ferrell ("Ferrell") formed a company called L-Tech Corporation. In May 2002, L-Tech merged with SEZ America. Gens thereafter was employed at SEZ America's facility in Mountain View, California. Gens was terminated by SEZ America on October 29, 2003. On October 28, 2004, Gens filed the instant lawsuit against SEZ America in

---

[1] This disposition is not designated for publication and may not be cited.

the Santa Clara Superior Court, alleging claims for: (1) age discrimination; (2) termination in violation of public policy; (3) intentional infliction of emotional distress; and (4) defamation.

SEZ America was served with the summons and complaint on December 9, 2004, and thereafter successfully demurred to Gens' defamation claim. Before the time for amendment granted by the superior court had run, SEZ America removed the action to this Court on the basis of diversity of citizenship. Gens did not amend his complaint as ordered by the superior court, but instead filed a motion to remand the case to superior court on April 11, 2005. Shortly thereafter, SEZ America filed a motion to dismiss Gens' claim for defamation under Federal Rule of Civil Procedure 41(b), governing dismissal based upon failure to prosecute or to comply with a court order.

This Court denied both motions by order dated March 28, 2006. With respect to SEZ America's Rule 41(b) motion, the Court ruled as follows:

> Gens therefore had a technical obligation to proceed with his amendment despite the parties' dispute with respect to the propriety of the removal. However, dismissal for failure to comply with this technical obligation – particularly in light of Gens' *pro se* status and the somewhat unusual procedural history of this case – would not serve the public policy favoring disposition of claims on their merits. Defendants will not be prejudiced by permitting Gens to attempt amendment to his defamation claim, and once Gens has amended there is no reason why this action cannot proceed in an expeditious manner. Accordingly, the Court will deny the motion to dismiss an grant Gens seven days within which to file an amended pleading.

Order of 3/28/06, p. 10. The Court granted Gens seven days from the service of its order to file an amended pleading. Gens filed the operative FAC on April 11, 2006. The FAC not only amends the defamation claim originally pled, but also adds four new claims for invasion of privacy, illegal wiretapping, violation of the consumer credit reporting agencies act and termination in violation of public policy.

## II. DISCUSSION

A. **Motion For Dismissal Pursuant To Rule 41(b)**

SEZ America moves for dismissal of Gens' defamation claim, as well as the four newly added claims, pursuant to Federal Rule of Civil Procedure 41(b), governing dismissal for failure to prosecute or failure to comply with a court order. The order in question is this Court's order

Case No. C 05-01009 JF (PVT)
ORDER RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC2)

granting Gens seven days to amend his defamation claim. Gens filed his FAC one day late. The order of March 28, 2006, granting Gens seven days to amend, apparently was mailed to Gens on March 30, 2006.[2] Pursuant to Federal Rule of Civil Procedure 6(a), when a period of time is less than eleven days, the day on which the period begins to run is excluded from computation, as are intermediate Saturdays, Sundays and legal holidays. Applying Rule 6(a), Gens had until April 10, 2006 to file an amended pleading. He did not file his FAC until the following day, April 11, 2006.

When determining whether to dismiss a claim or action under Rule 41(b), the Court must balance five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The first two factors are not implicated here, because this case has proceeded at a reasonable pace ever since the Court denied Gens' motion for remand. The critical factors are the risk of prejudice to Defendant and the public policy favoring disposition on the merits.

The Court can perceive no prejudice to SEZ America arising from the filing of the FAC one day late. SEZ America devotes significant argument to the fact that Gens failed to amend his original complaint when ordered to do so by the superior court, characterizing Gens as a repeat violator of court orders. The Court already has addressed Gens' failure to amend his complaint following the successful demurrer to the defamation claim in the superior court, and has found that such failure did not prejudice SEZ America and did not warrant dismissal of the defamation claim. *See* Order of 3/28/06.

SEZ America appears to be requesting that this Court revisit its ruling regarding prejudice in light of Ferrell's recent death on March 20, 2006. The Court was not aware of Ferrell's death or the impact of his death on this case at the time the Court issued its March 28 order granting

---

[2] The postmark on the envelope submitted by Gens actually says "March 30, *2005*," but the Court presumes that the envelope actually was mailed on March 30, 2006.

Gens leave to amend his defamation claim. SEZ America argues forcefully that Ferrell's death changes the landscape of the case significantly, because Gens' FAC discloses for the first time that his defamation claim against SEZ America is based in large part upon Ferrell's conduct. Two of Gens' new claims also are based in large part upon Ferrell's conduct. SEZ America argues that Gens could have alleged the bases for his defamation claim and related claims two years ago, and that had he done so SEZ America would have had an opportunity to depose Ferrell before he died.

It is clear that SEZ America's defense with respect to claims based upon Ferrell's conduct will be hampered by Ferrell's death. It also appears clear that Gens could have alleged the bases for these claims -- that is, Ferrell's conduct -- some time ago. However, as discussed above and in the Court's prior order of March 28, 2006, there was legitimate confusion as to Gens' obligation to comply with the superior court's order to amend once the case had been removed. Moreover, Gens' one-day delay in filing his FAC once ordered to do so by the Court cannot be said to increase SEZ America's prejudice resulting from Ferrell's death. Accordingly, the Court concludes that Rule 41(b) does not justify dismissal of any of Gens' claims.

The Court concludes that the new claims were added inappropriately, however, because such claims are outside the scope of the Court's order granting leave to amend. Read as a whole, the Court's order of March 28, 2006 clearly permitted Gens to amend his *defamation* claim, not add new claims. SEZ America raises serious questions regarding the propriety of adding new claim at this stage of the litigation. Accordingly, the Court will strike the newly added claims as procedurally defective, without prejudice to Gens filing a properly noticed motion for leave to amend his pleading under Federal Rule of Civil Procedure 15(a).

**B.    Motion To Strike Paragraph 12**

SEZ America moves to dismiss paragraph 12 of the FAC pursuant to Federal Rule of Civil Procedure 12(f). The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life*

*Insurance Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id*.

SEZ America argues that the facts contained in paragraph 12 are immaterial to any of Gens' claims and that those facts disparage Ferrell in an inappropriate fashion considering that he is deceased. The Court concludes that the facts alleged in paragraph 12 are relevant to Gens' claims centering on Ferrell's conduct and therefore will deny the motion to strike.

### III. ORDER

(1) The motion to dismiss the defamation claim is DENIED;

(2) The four newly added claims are hereby STRICKEN without prejudice to Gens' filing of a noticed motion for leave to amend his pleading; and

(3) The motion to strike paragraph 12 of the FAC is DENIED.

DATED: 6/2/06

_____
JEREMY FOGEL
United States District Judge

1  A copy of this Order was served on the following persons:

2

3  Plaintiff *pro se*:

4  Timothy Gens
Post Office Box 61029
5  Palo Alto, CA 94306

6  Counsel for Defendant SEZ America:

7  Jason A. Geller
David P. Borovsky
8  Long & Levit LLP
465 California Street, Suite 500
9  San Francisco, CA 94104

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-01009 JF (PVT)
ORDER RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC2)