1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TIMOTHY GENS,

                    Plaintiff,

        v.

SEZ AMERICA, INC.,

                    Defendant.

Case Number C 05-01009 JF (PVT)

ORDER[1] DENYING DEFENDANT'S
MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

[Re:  Doc. No. 62]

        Defendant seeks leave to file a motion for reconsideration of this Court's order of March

28, 2006 ("March 28 Order"), denying Defendant's motion to dismiss Plaintiff's claim for

defamation pursuant to Federal Rule of Civil Procedure 41(b).  This Court concluded that

Plaintiff technically failed to amend his complaint within thirty days as ordered by the Superior

Court, but that such failure did not warrant dismissal under Rule 41(b) in light of Plaintiff's *pro

se* status, the unusual procedural history of the case and the absence of prejudice to Defendant.

March 28 Order at 10.  Defendant seeks reconsideration on the ground that new material facts

demonstrate that Plaintiff's failure to amend his pleading in a timely fashion has caused

---

[1] This disposition is not designated for publication and may not be cited.

1   Defendant severe prejudice.

2         Plaintiff's first amended complaint ("FAC"), filed April 11, 2006, alleges that Plaintiff's

3   former business partner and fellow employee, Gary Ferrell ("Ferrell"), was the primary source of

4   the alleged defamation.  Ferrell died on March 20, 2006, approximately one week before this

5   Court issued its March 28 Order declining to dismiss the defamation claim.[2]  Defendant asserts

6   that it will be severely prejudiced if Plaintiff is permitted to proceed with his defamation claim

7   under these circumstances, because Defendant will not be able to depose Ferrell or obtain any

8   discovery from him.

9         The prejudice to Defendant makes the Rule 41(b) issue somewhat closer.  However, the

10  Court will deny Defendant's request to file a motion for reconsideration, because the Court

11  concludes that its decision would not be changed by the new material facts.  When determining

12  whether to dismiss a claim or action under Rule 41(b), a court must balance five factors:  (1) the

13  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

14  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

15  their merits; and (5) the availability of less drastic alternatives.  *Yourish v. California Amplifier*,

16  191 F.3d 983, 990 (9th Cir. 1999).  Factors (1) and (2) contribute nothing to the instant inquiry,

17  because this case is proceeding expeditiously following the initial delay.  Clearly, Defendants

18  will be prejudiced to some degree by Ferrell's death.  However, not all of this prejudice is

19  attributable to Plaintiff.  Defendant long has been aware that Plaintiff is alleging a defamation

20  claim, and could have pursued discovery as to the bases for that claim.  Moreover, the Court is

21  responsible for a significant portion of the delay in the early stages of litigation, because the

22  parties' cross-motions for remand and dismissal were under submission for approximately seven

23  months, from August 26, 2005 to March 28, 2006.  In light of these facts, Plaintiff's *pro se*

24  status, and the public policy favoring disposition of claims on their merits, the Court declines to

25  entertain a motion for reconsideration of its March 28 Order.

26

27        [2] The Court subsequently denied Defendant's second Rule 41(b) motion by order dated

28  June 2, 2006.

1    Accordingly, Defendant's motion for leave to file a motion for reconsideration is

2  DENIED.

3

4

5  DATED:  7/5/06

6

7

8  _____
   JEREMY FOGEL
9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    A copy of this Order was served on the following persons:

2    Plaintiff *pro se*:

3    Timothy Gens
     Post Office Box 61029
4    Palo Alto, CA 94306

5    Counsel for Defendant SEZ America:

6    Jason A. Geller
     David P. Borovsky
7    Long & Levit LLP
     465 California Street, Fifth Floor
8    San Francisco, CA 94104

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28