NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TIMOTHY GENS,<br><br>        Plaintiff,<br><br>    v.<br><br>SEZ AMERICA, INC.,<br><br>        Defendant. | Case Number C 05-01009 JF (PVT)<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>[Re: Doc. No. 58] |

Plaintiff Timothy Gens ("Gens") moves for leave to file a second amended complaint. Defendant SEZ America, Inc. ("SEZ America") opposes the motion. The Court has considered the parties' papers as well as the oral arguments presented at the hearing on July 14, 2006. The motion will be granted for the reasons discussed below.

**I. BACKGROUND**

In November 1999, Gens and Gary Ferrell ("Ferrell") formed a company called L-Tech Corporation. In May 2002, L-Tech merged with SEZ America. Gens thereafter was employed at SEZ America's facility in Mountain View, California. Gens was terminated by SEZ America on October 29, 2003. On October 28, 2004, Gens filed the instant lawsuit against SEZ America in

---

[1] This disposition is not designated for publication and may not be cited.

the Santa Clara Superior Court, alleging claims for: (1) age discrimination; (2) termination in violation of public policy; (3) intentional infliction of emotional distress; and (4) defamation.

SEZ America was served with the summons and complaint on December 9, 2004, and thereafter successfully demurred to Gens' defamation claim. Before the time for amendment granted by the superior court had run, SEZ America removed the action to this Court on the basis of diversity of citizenship. Gens did not amend his complaint as ordered by the superior court, but instead filed a motion to remand the case to superior court on April 11, 2005. Shortly thereafter, SEZ America filed a motion to dismiss Gens' claim for defamation under Federal Rule of Civil Procedure 41(b), governing dismissal based upon failure to prosecute or to comply with a court order.

This Court denied both motions by order dated March 28, 2006. Gens filed a first amended complaint ("FAC") on April 11, 2006, which not only amended the defamation claim originally pled, but also added four new claims for invasion of privacy, illegal wiretapping, violation of the consumer credit reporting agencies act and termination in violation of public policy. On June 2, 2006, the Court issued an order denying SEZ America's renewed motion to dismiss the defamation claim under Rule 41(b). The Court did, however, strike Gens' four new claims as procedurally defective because Gens did not obtain leave of court before adding them. Gens filed the instant motion a week later on June 9, 2006, seeking to add six new claims for invasion of privacy (fifth claim), illegal wiretapping (sixth claim), violation of the Consumer Credit Reporting Agencies Act (seventh claim), termination in violation of public policy (eighth claim), correction of false inventorship under 28 U.S.C. § 1338 (ninth claim) and unfair competition under 28 U.S.C. § 1338 (tenth claim).

## II. DISCUSSION

### A.   Legal Standard

Gens' request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of

1  amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*,
2  59 F.3d 815, 845 (9th Cir. 1995).

3      SEZ America argues that Gens delayed unduly before seeking to add at least some of the
4  proposed new claims.  For example, SEZ America argues that a number of Gens' new claims are
5  based upon information he obtained during Ferrell's deposition in May 2005.  SEZ America
6  asserts that Gens has failed to explain why he waited more than a year after Ferrell's deposition
7  to seek leave to amend.  SEZ America's argument does not take into account the procedural
8  history of this case.  At the time of Ferrell's deposition, Gens' motion for remand was pending
9  before the Court.  Gens could not reasonably have been expected to file a motion for leave to
10 amend his pleading during the pendency of his remand motion.  The Court did not issue a ruling
11 on that motion until March 28, 2006.  Gens filed his FAC on April 11, 2006, only two weeks
12 later.  The FAC alleges four of the six new claims at issue in the instant motion.  The Court
13 struck those new claims by order dated June 2, 2006.  Gens filed the instant motion for leave to
14 amend on June 9, 2006, only a week later.  Based upon this record, the Court concludes that
15 Gens has not delayed unduly in seeking leave to amend his pleading.

16     SEZ America also argues that it will be prejudiced if Gens is permitted to add new claims
17 based upon Ferrell's conduct, because Ferrell has died and no longer may be deposed with
18 respect to such claims.  As is discussed at length in the Court's recent orders denying SEZ
19 America's motions for dismissal of Gen's defamation claim, Gens did not unduly delay litigation
20 of the instant case, and cannot be held responsible for any prejudice that SEZ America may suffer
21 as a result of Ferrell's untimely death.

22     There is no evidence that Gens has acted in bad faith.  Gens has not previously amended
23 his pleadings, with the exception of the abortive attempt to allege some of the same claims at
24 issue here in his FAC.

25     SEZ America argues that addition of Gens' proposed ninth and tenth claims, asserted
26 under 28 U.S.C. § 1338, would be futile because § 1338 does not provide an independent right of
27 recovery.  Section 1338 provides in its entirety as follows:

28

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

(c) Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17, and to exclusive rights in designs under chapter 13 of title 17, to the same extent as such subsections apply to copyrights.

28 U.S.C. § 1338. The statute is a jurisdictional statute only; it does not independently create a substantive claim. *Water Technologies Corp. v. Gartner*, 850 F.2d 660, 669 (Fed. Cir. 1988). Accordingly, while Gens clearly is attempting to allege a violation of the patent laws, and a related unfair competition claim, he has not alleged the appropriate legal bases for such claims. However, as Gens points out in his reply, any pleading deficiency created by reliance solely upon § 1338 can be cured by amendment.

SEZ America also argues that Gens' proposed eighth claim for termination in violation of public policy is barred by the applicable two-year statute of limitations, because Gens was terminated in October 2003 and did not seek leave to add this claim until June 2006. Gens takes the position that he was told that he was being let go as part of a company-wide layoff and did not discover that he actually was terminated in violation of public policy until the depositions of Ferrell in May 2005 and of Susan Jones in March 2006. SEZ America's argument also fails to address the possibility that Gens' new claim might relate back to the filing of his original complaint in October 2004, well within the two-year limitations period.

After weighing all of the above factors, the Court concludes that Gens' motion for leave to amend must be granted under the liberal standards set forth in Rule 15(a). This ruling is without prejudice to any arguments SEZ America may wish to assert in the context of a motion under Federal Rule of Civil Procedure 12(b)(6), including arguments based upon the statute of limitations or upon the assertion that Gens has asserted identical claims in another pending action.

### III. ORDER

Plaintiff's motion for leave to amend is GRANTED. The Clerk of the Court SHALL FILE Plaintiff's proposed second amended complaint.

DATED: 7/14/06

_____
JEREMY FOGEL
United States District Judge

1  A copy of this Order was served on the following persons:

2  Plaintiff *pro se*:

3  Timothy Gens
   Post Office Box 61029
4  Palo Alto, CA 94306

5  Counsel for Defendant SEZ America:

6  Jason A. Geller
   David P. Borovsky
7  Long & Levit LLP
   465 California Street, Suite 500
8  San Francisco, CA 94104

Case No. C 05-01009 JF (PVT)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND
(JFLC2)