UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>           Plaintiff,<br><br>   v.<br><br>SEZ AMERICA, INC.,<br><br>           Defendant. | Case No.: C 05-1009 PVT<br><br>**ORDER RE DEFENDANT'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER** |

On September 19, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Quash and Motion for Protective Order.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motions are GRANTED IN PART and DENIED IN PART.  As discussed more fully below, Dr. Harold Okorn-Schmidt and Wilhelm Ladenhauf shall appear for deposition in the Northern District of California, and Shea Sticker and Jim Mello shall appear for deposition in Arizona.  Plaintiff may notice the deposition of Susan Jones for a date certain in Arizona.  The parties shall meet and confer regarding the dates and times for the

---

[1]  The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

foregoing depositions.[2] This order is without prejudice to Plaintiff subpoenaing Dr. Leo Archer for deposition in Arizona and seeking the deposition of Kurt Lackenbucher in Austria using proper international discovery mechanisms.

IT IS FURTHER ORDERED that Defendant's motion to quash is GRANTED as to Dr. Leo Archer. Dr. Archer is not an officer of Defendant and the subpoena would require him to travel more than 100 miles. *See* FED.R.CIV.PRO. 45(c)(3)(A)(iii). Plaintiff has not established that Dr. Leo Archer regularly conducts business in California such that he is subject to being subpoenaed for deposition here.[3]

IT IS HEREBY ORDERED that Defendant's motion to quash is GRANTED as to Susan Jones, without prejudice to Plaintiff serving Defendant with a notice of deposition for Ms. Jones that properly notices the deposition for a specific day and time. The deposition shall take place in Arizona.

IT IS FURTHER ORDERED that Defendant's motion to quash is DENIED as to Dr. Harold Okorn-Schmidt, Kurt Lackenbucher, Wilhelm Ladenhauf, Shea Sticker and Jim Mello. These subpoenas are deemed to be notices of deposition under Rule 30,[4] which are sufficient to require the attendance at deposition of any officer, director or managing agent of a party.

Based on the evidence before the court, the court finds that for the purposes of deposition notices under Rule 30, Dr. Okorn-Schmidt, Kurt Lackenbucher and Wilhelm Ladenhauf are managing agents of Defendant. Courts generally consider five factors in determining whether an individual is a managing agent: 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;

---

[2] If the parties cannot agree, Plaintiff may bring a motion for an order scheduling the depositions. Any such motion may be filed on one week's notice. The opposition shall be filed two court days before the hearing. No reply may be filed.

[3] The purpose of Rule 45(c)(3)(A)(iii) is to protect a non-party witness from the burden of travel. The burden of travel is slight for a witness who is present in the local area frequently for business. However, for a witness who is only rarely present in the local area, the burden of travel is essentially the same as for a witness who makes no business trips to the area.

[4] All references herein to a "Rule" are to the Federal Rules of Civil Procedure.

3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation. *See, e.g., Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985). The May 13, 2005 Okorn-Schmidt Declaration[5] demonstrates that factors 1 and 4 are met, by listing Dr. Okorn-Schmidt, Kurt Lackenbucher and Wilhelm Ladenhauf among the people who "as a group manage and direct the business of SEZ America." The cooperation of these three individuals in providing declarations in connection with this litigation demonstrates that factors 2 and 5 are met. Thus, there is an adequate basis for finding these individuals to be managing agents for purposes of Rule 30 deposition notices, at least as of the date of the May 13, 2005 Okorn-Schmidt Declaration.

There is some doubt as to whether Dr. Okorn-Schmidt and Kurt Lackenbucher are still managing agents of Defendant. (Defendant does not argue that Wilhelm Ladenhauf is no longer a managing agent of Defendant.) According to declarations filed in connection with the present motion, each of these individuals currently holds the same job they held at the time of that declaration. Although Dr. Okorn-Schmidt and Kurt Lackenbucher disclaim having any current management duties with respect to Defendant SEZ America, the fact they retain the same jobs leaves doubt as to their status as managing agents of SEZ America.[6] Any such doubts are resolved in favor of the examining party. *See, e.g., Founding Church of Scientology of Washington DC v. Webster*, 802 F. 2d 1448, 1452 n.4 (D.C. Cir. 1986).

The question is less close as to Shea Sticker and Jim Mello. Both are directly employed by

---

[5] As used herein, "May 13, 2005 Okorn-Schmidt Declaration" refers to the Revised Declaration of Dr. Harald Okorn-Schmidt in Support of Opposition of Third Party SEZ America, Inc. to Timothy Gens' Motion to Compel Production of Documents Identified in Privilege Log, attached as exhibit C to the Declaration of Timothy Gens in Support of Plaintiff's Opposition to Defendant SEZ America, Inc.'s Motion to Quash Deposition Subpoena, filed herein on September 6, 2006.

[6] If a managing agent, without any change of job or job title, could defeat managing agent status simply by attesting that his job duties had changed, parties could evade proper subpoenas by conveniently rearranging job duties while discovery was open in a lawsuit, and then resuming the management duties after the close of discovery.

ORDER, *page 3*

SEZ America. Jim Mello states in his declaration that he is the Vice President of Sales & Marketing. Thus he is an officer of the corporation and the subpoena, deemed to be a notice of deposition, is sufficient to require him to appear for deposition. Shea Sticker states in his declaration that he is the Director of Technical Marketing for SEZ America. It is unclear whether the term "director" in Mr. Sticker's job title constitutes the kind of "director" referred to in Rule 37(d), or whether he is a managing agent of Defendant. However, the court resolves those doubts in favor of Plaintiff, and finds that the subpoena, deemed to be a notice of deposition, is sufficient to require Mr. Sticker to appear for deposition.

IT IS FURTHER ORDERED that Defendant's motion for protective order is GRANTED IN PART as to Kurt Lackenbucher. In light of the scant discoverable information of which he appears to have knowledge, the burden of requiring him to travel from Austria to the United States outweighs Plaintiff's need for his testimony. However, the court will not preclude Plaintiff from seeking Mr. Lackenbucher's deposition in Austria through appropriate international discovery mechanisms.

IT IS FURTHER ORDERED that Defendant's motion for protective order is DENIED as to Dr. Leo Archer, Shea Sticker and Jim Mello. Defendant has not shown any substantial burden associated with Plaintiff deposing these individuals in Arizona. "A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that others did not). Under Rule 26(c), the party attempting to avoid discovery carries a heavy burden of demonstrating why the discovery should be denied. *Id*.

Because of the potential for abuse by plaintiffs, courts do sometimes protect high-level corporate officers from depositions when the officer has *no* first-hand knowledge of relevant facts or where the testimony would be repetitive. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979); *see also, Liberty Mut. Ins. Co. v. Superior Ct.*, 13 Cal.Rptr.2d 363 (1992). However, where a corporate officer has *any* first hand knowledge of relevant facts, the deposition should be allowed. *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably

ORDER, *page 4*

had some knowledge" regarding substance of plaintiffs' claims).  Further, a claimed lack of knowledge or recollection does not provide sufficient grounds for a protective order, since the opposing party is entitled to test that lack of knowledge or recollection.  *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143 (D. Mass. 1987).  In the present case, Defendant has not made a sufficient showing of burden and lack of discoverable knowledge to warrant a protective order denying entirely Plaintiff's right to depose these three individuals.

Dated: *9/29/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

<u>copies mailed on             to:</u>

Timothy Gens
Post Office Box 61029
Palo Alto, CA 94306

Jason A. Geller
David P. Borovsky
Long & Levit
465 California St., # 500
San Francisco, CA 94104

_____
CORINNE LEW
Courtroom Deputy

*United States District Court*
*For the Northern District of California*

ORDER, *page 6*