UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>            Plaintiff,<br><br>      v.<br><br>SEZ AMERICA, INC.,<br><br>            Defendant. | Case No.: C 05-1009 PVT<br><br>**ORDER RE DEFENDANT'S MOTION TO CHANGE TIME OF HEARING ON DISCOVERY MOTIONS** |

On November 6, 2006, Defendant filed a motion to change time for hearing two discovery motions.[1]  Having reviewed the papers submitted by Defendant, the court finds it appropriate to issue this order without further briefing or oral argument.  Based on the papers submitted by Defendant,

IT IS HEREBY ORDERED that Defendant's motion to shorten time is DENIED.  Defendant has not adequately explained why its motions could not reasonably have been filed by October 17, 2006 (35 days before the requested hearing date of November 21st).  In a letter to Plaintiff dated October 10, 2006, defense counsel informed Plaintiff that if he did not respond to their meet and confer efforts by October 13, 2006, they would move to compel.  Plaintiff failed to respond by October 13th, and instead sent a letter on October 16th stating he would send a response "shortly."

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

At that time, Defendant had been attempting to obtain the discovery at issue for many months, and was well aware that the mediation was scheduled for December 13, 2006. No further delay in moving to compel was warranted.[2]

IT IS FURTHER ORDERED that, no later than November 17, 2006, Plaintiff and defense counsel shall meet and confer *in person* regarding the outstanding discovery issues. From the papers filed by Defendant it appears the parties have not been able to effectively meet and confer through written correspondence. The court expects the parties to make diligent efforts to resolve their discovery disputes and bring to court only those disputes that cannot reasonably be resolved through meet and confer efforts.[3]

IT IS FURTHER ORDERED that defense counsel shall immediately serve a copy of this order on Plaintiff by fax.[4]

Dated: *11/7/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] This court's prior order setting a shortened time for hearing any motions regarding the depositions it had ordered pursuant to a fully briefed motion is inapplicable to later, unrelated motions. That order dealt only with scheduling. The current motions seek relief, beyond mere scheduling, for which Plaintiff is entitled to an adequate opportunity to brief the issues. Moreover, in light of the lack of justification for the delay in filing these motions, the court is not willing to limit itself to one business day after the briefing is complete to review all the issues raised in the motion.

[3] Plaintiff is cautioned that failure to comply in good faith with valid discovery requests may well result in sanctions. *See, e.g.,* Fed.R.Civ.Pro. 37(d) (authorizing court to issue sanction of issue and/or evidence preclusion if party fails to appear for his deposition). In any motion for such sanctions, the court will consider any diligent efforts Plaintiff makes to correct any such failure to appear for deposition.

[4] The court notes that defense counsel are signed up for electronic filing, and will be getting notice of this order through the court's electronic filing system. The court will also send hard copies of the order to both Plaintiff and defense counsel by first class mail.

United States District Court
For the Northern District of California

1  copies mailed on _____ to:

2  Timothy Gens
   Post Office Box 61029
3  Palo Alto, CA 94306

4  Jason A. Geller
   David P. Borovsky
5  Long & Levit
   465 California St., # 500
6  San Francisco, CA 94104

7

8                                    _____
                                     CORINNE LEW
                                     Courtroom Deputy
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER, *page 3*