**Original filed 3/19/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TIMOTHY GENS, | Case Number C 05-01009 JF (PVT) |
| Plaintiff, | ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND IN PART |
| v. | |
| SEZ AMERICA, INC., | [Re:  Doc. No. 38] |
| Defendant. | |

Defendant SEZ America, Inc. ("SEZ America") moves to dismiss the ninth and tenth claims of the second amended complaint ("SAC") of pro se Plaintiff Timothy Gens ("Gens"). For the reasons discussed below, the motion will be granted with leave to amend in part.

**I. BACKGROUND**

**1.     The Instant Action**

In November 1999, Gens and Gary Ferrell ("Ferrell") formed L-Tech Corporation ("L-Tech").  In May 2002, L-Tech merged with SEZ America.  Gens thereafter was employed at SEZ America's facility in Mountain View, California.  SEZ America terminated Gens on October 29, 2003.  On October 28, 2004, Gens filed the instant action against SEZ America in the Santa Clara Superior Court ("the Superior Court"), alleging claims for:  (1) age

---

[1] This disposition is not designated for publication and may not be cited.

1    discrimination; (2) termination in violation of public policy; (3) intentional infliction of

2    emotional distress; and (4) defamation.

3          SEZ America was served with the summons and complaint on December 9, 2004, and

4    thereafter successfully demurred to Gens' defamation claim.  Before the time for amendment

5    granted by the Superior Court had run, SEZ America removed the action to this Court on the

6    basis of diversity of citizenship.  Gens did not amend his complaint as ordered by the Superior

7    Court, but instead filed a motion to remand the case on April 11, 2005.  On April 29, 2005, SEZ

8    America filed a motion to dismiss Gens' defamation claim for failure to prosecute or to comply

9    with a court order.  This Court denied both motions on March 28, 2006.

10         Without leave of court, Gens filed a first amended complaint ("FAC") on April 11, 2006

11   that amended the defamation claim originally pled and added claims for (1) invasion of privacy;

12   (2) illegal wiretapping; (3) violation of the Consumer Credit Reporting Agencies Act; and (4)

13   termination in violation of public policy.  On June 2, 2006, the Court issued an order denying

14   SEZ America's renewed motion to dismiss the defamation claim for non-compliance with a

15   court order.  The Court struck Gens' four new claims for failure to obtain leave of court.

16         On June 9, 2006, Gens filed a motion for leave to file a SAC on June 9, 2006, seeking to

17   add six new claims for (i) invasion of privacy, (ii) illegal wiretapping, (iii) violation of the

18   Consumer Credit Reporting Agencies Act, (iv) termination in violation of public policy, (v)

19   correction of false inventorship under 28 U.S.C. § 1338, and (vi) unfair competition under 28

20   U.S.C. § 1338.  On July 14, 2006, the Court granted the motion, and accepted the proposed

21   complaint as the SAC.[2]

22

23

24   **2.**      **The Separate State Action**

25

26   ───────────────

27       [2] SEZ America asserts that both parties were unaware that the Court had ruled on Gens'
motion for leave to file the SAC because neither party was served with the order.  Motion 5, fn.
28   2.  SEZ America asserts that Gens still has not served them with a copy of the SAC.  Motion 5,
fn. 2.  Gens disputes this assertion, and states that he served the SAC on October 24, 2006.
Opp'n 3.

1    On or about November 12, 2004, SEZ America filed suit against Gens in the Superior

2    Court for breach of contract and related claims ("separate state action").[3]  On January 28, 2005,

3    Gens filed a cross-complaint against SEZ America, as well as SEZ Holding, Ltd., SEZ AG, and

4    SEZ Management GBMH.[4]  On September 7, 2005, Gens filed a First Amended Cross-

5    Complaint ("State FACC").[5]  The State FACC included a cause of action for unfair competition,

6    alleging that "the conduct of SEZ Group constitutes unfair competition under California unfair

7    competition law California Business & Professions Code 17200 et seq. and such unfair

8    competition has been willful and malicious."  Ex. C.  The state court overruled Defendants'

9    demurrer to this cause of action.  On April 25, 2006, Gens filed a Second Amended Cross-

10   Complaint ("State SACC") that included the unfair competition claim.[6]  On November 17, 2006,

11   Gens filed a Third Amended Cross-Complaint ("State TACC").[7]  The separate state action and

12   the instant action both pertain to the circumstances surrounding the termination of Gens'

13   employment with SEZ America.

14   **3.    Instant Motion**

15   On November 7, 2006, SEZ America moved to dismiss Gens' ninth and tenth claims for

_____

17   [3] SEZ America filed a "Complaint for Breach of Written Contract; Express Indemnity; Implied Indemnity; Account Stated, and Declaratory Relief."  Ex. A.

19   [4] Gens filed a cross-complaint for: "Breach of Written Contract; Express Indemnity; Implied Indemnity; Account Stated, and Declaratory Relief."  Ex. B.

20   [5] Gens filed a "First Amended Cross-Complaint Of Defendant and Cross-Plaintiff Gens for Alleged Breach of Contract; Express Indemnity; Implied Indemnity; Account Stated; and Declaratory Relief, Breach of Implied Contract; Misappropriation of Trade Secrets, Misappropriation of Confidential and Proprietary Information; Conversion; Unfair Competition; Intentional Interference With Economic Advantage; Unjust Enrichment; Conspiracy; and Professional Malpractice."  Ex. C.

24   [6] The State SACC added claims entitled, "RICO; California Corporation Act Violations; Direct Employer Liability and Punitive Damages."  Ex. E.

26   [7] The State TACC includes claims for breach of contract; express indemnity; implied indemnity; misappropriation of trade secrets; misappropriation of confidential and proprietary information; conversion; unfair competition; unjust enrichment; RICO; employer liability and punitive damages.  Ex. A.  Gens states that SEZ America has filed another demurrer to the unfair competition claim in the state action.  A hearing on the demurrer apparently was set for March 8, 2007.

1  the correction of false inventorships under 28 U.S.C. § 1338 and unfair competition under 28

2  U.S.C. § 1338, respectively.  Gens opposes the motion.  Oral argument was scheduled for March

3  2, 2007, but Gens was not present.  On March 9, 2007, Gens informed the Court that on February

4  27, 2007, the Patent and Trademark Office ("PTO") issued a patent based on the U.S. Patent

5  Application Serial No.11/075,872 entitled 'Wafer Dryer and Method for Drying a Wafer."  The

6  issued patent has been assigned Patent Number 7,181,863.  On March 14, 2007, SEZ America

7  agreed that it had been issued a patent based on U.S. Patent Application Serial No.11/075,872.

8  The Court requested supplemental briefing as to the effect of these developments on the

9  disposition of the instant motion.

10                                    **II.  LEGAL STANDARD**

11        A complaint may be dismissed for failure to state a claim upon which relief can be

12  granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts

13  under a cognizable legal theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v.*

14  *Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to

15  dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in

16  the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Leave

17  to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by

18  amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When

19  amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*,

20  90 F.3d 386, 393 (9th Cir. 1996).

21        On a motion to dismiss, the Court's review is limited to the face of the complaint and

22  matters judicially noticeable.  *North Star International v. Arizona Corporation Commission*, 720

23  F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

24  1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).  However, under the

25  "incorporation by reference" doctrine, the Court also may consider documents which are

26  referenced extensively in the complaint and which are accepted by all parties as authentic, which

27  are not physically attached to the complaint.  *In re Silicon Graphics, Inc. Securities Litigation*,

28  183 F.3d 970 (9th Cir. 1999).

**DISCUSSION**

**1.      Motion to Dismiss Claim for Correction of False Inventorships**

Gens' ninth claim seeks declaratory relief[8] correcting the inventorship of various patents. Gens seeks a declaration that Gens is the "sole inventor of U.S. Patent Applications Serial No.11/075,872 filed March 9, 2005 entitled 'Wafer Dryer and Method for Drying a Wafer'; Serial No. 60/551,729 filed March 9, 2004 entitled 'Wafer Dryer and Method for Drying a Wafer'; and Serial No. 60/568,566 filed May 6, 2004 entitled 'Wafer Dryer and Method for Drying a Wafer.'" SAC ¶¶ 87-91.

SEZ America moves to dismiss the claim for failure to state a claim upon which relief can be granted, arguing that this Court cannot rule on this claim to correct false inventorships because only the PTO can determine the inventorship on a pending patent application.

**A.      Failure to State a Claim**

The ninth claim of the SAC is entitled, "Correction of False Inventorships under 28 U.S.C. 1338." However, 28 U.S.C. § 1338 is a jurisdictional statute. Gens does not identify a substantive right at issue in this claim. The Court explained this in granting Gens' motion for leave to file an amended complaint: "[W]hile Gens clearly is attempting to allege a violation of the patent laws, and a related unfair competition claim, he has not alleged the appropriate legal bases for such claims. However, as Gens points out in his reply, any pleading deficiency created by reliance solely upon § 1338 can be cured by amendment." Motion for Leave to Amend Order 4. The SAC does not address the Court's concerns. Accordingly, the claim is subject to dismissal.

**B.      Leave to Amend**

Gens refers to both 35 U.S.C. § 116 and 35 U.S.C. § 256 in his opposition to SEZ

---

[8] Gens does not specifically seek a declaratory judgment, but it appears from the complaint that this is what he seeks. The decision to grant declaratory relief in a matter relating to a patent is a matter of discretion. 28 U.S.C.A. § 2201(a). However, the Court need not consider whether to exercise its discretion to grant such relief because it concludes that Gens is not entitled to it.

1   America's motion for dismissal, and apparently seeks to base his ninth claim upon those

2   statutory provisions.  Opp'n 4.  The Court thus will assess the viability of a claim based upon

3   these statutes.

4       35 U.S.C. § 116 governs correction of inventorships on patent applications:

5           Whenever through error a person is named in an application for
            patent as the inventor, or through error an inventor is not named
6           in an application, and such error arose without any deceptive
            intention on his part, the Director may permit the application to
7           be amended accordingly, under such terms as he prescribes.

8   35 U.S.C. § 116.  On its face, section 116 authorizes only the Commissioner of Patents to make

9   corrections on patent applications.  Another court in this district interpreted Section 116 to mean

10  that district courts do not have jurisdiction to correct inventorships on patent applications, and

11  must leave this decision to the PTO.  *Display Research Laboratories, Inc. v. Telegen Corp.*, 133

12  F.Supp.2d 1170, 1173-74 (N.D. Cal. 2001).  The Federal Circuit has not decided this question of

13  law, but it has addressed the issue in dicta, stating that "[T]he text of section 116 only grants the

14  Director of the Patent and Trademark Office the authority to take certain actions and plainly does

15  not create a cause of action in the district courts to modify inventorship on pending patent

16  applications."  *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1356 n.1 (Fed. Cir. 2004).  See

17  also *Sagoma Plastics, Inc. v. Gelardi*, 366 F. Supp. 2d 185 (D. Me. 2005) (dismissing a

18  inventorship claim).  Two courts in districts outside the Ninth Circuit have reached the opposite

19  conclusion.  See *Post Performance, LLC v. Renaissance Imports, Inc.*, 333 F. Supp. 2d 834 (E.D.

20  Mo. 2004) (allowing the claim to proceed) and *Heineken Technical Servs., B.V. v. Darby*, 103 F.

21  Supp. 2d 476 (D. Mass. 2000) (same).  However, in light of the guidance given in *Aradigm*, the

22  Court concludes that *Display Research* was decided correctly.  Gens may not bring his ninth

23  claim on the basis of 35 U.S.C. § 116.

24      35 U.S.C. § 256 governs the correction of a named inventor on an issued patent, and

25  provides in relevant part:

26

27          The court before which such matter is called in question may
            order correction of the patent on notice and hearing of all parties
28          concerned and the Director shall issue a certificate accordingly.

1   35 U.S.C. § 256.  In his SAC, Gens seeks correction of patent applications, not issued patents.

2   Section 256 thus does not apply.  See *Display Research* at 1173 ("The statutes appear to

3   contemplate court involvement in the correction process only when the Commissioner no longer

4   has authority to act.  Otherwise, section 116 would have specifically mentioned court

5   involvement during the prosecution of the patent application.")  The Federal Circuit's decision in

6   *Banks v. Unisys Corp*., 228 F.3d 1357 (Fed. Cir. 2000), is not to the contrary.  The plaintiff in

7   that case sought correction on issued patents rather than the patent applications present in this

8   case.  In addition, the Federal Circuit's decision involved the "employed to invent" exception

9   and not correction of inventorships.  *Id*. at 1359.  *MCV Inc. v. King-Seeley Thermos Co.*, 870

10  F.2d 1568, 1570 (Fed. Cir. 1989), also does not support a finding of jurisdiction over this claim.

11  The plaintiff in that case brought a correction of inventorship claim for an issued patent, not a

12  patent application, under section 256, not section 116.  Accordingly, Gens may not base his

13  claims on section 256.

14       However, in light of the fact that a patent has now issued, the claim will be dismissed

15  with leave to amend to add a claim for correction of inventorship of Patent Number 7,181,863.[9]

16  **2.    Unfair Competition Claim**

17       SEZ America moves to dismiss Gens' tenth claim for unfair competition on the basis that

18  the claim is identical to the unfair competition counterclaim in the separate state action.  SEZ

19  America alleges that Gens is engaging in improper "claim splitting," which it describes as

20  "asserting the same claim in two actions" and "seeking to recover twice for the same alleged

21  wrongdoing, in two separate forums."  Motion 7, 1.  Additionally, SEZ America  asserts that the

22  claim should be dismissed because section 1338 does not provide an independent right of

23  recovery.  Gens asserts that claim splitting only exists when the same parties are present in both

24  actions.  Opp'n 5.  He points out that the cross-defendants in the state case also include SEZ

25

26       [9] In SEZ America's reply to Gens' opposition, SEZ America asserts that three of the four
27  patent applications, the applications with the 60-prefix, can never be issued because they are
    "provisional" applications whose one-year "life" has expired.  This asserted fact has no bearing
28  on this Court's decision today.

1   Holding, Ltd., SEZ AG, and SEZ Management GMBH, and that these parties are not part of the

2   federal action.

3          As discussed above, the Court previously informed Gens that 28 U.S.C. § 1338 is a

4   jurisdictional statute that does not grant any substantive legal rights.  As in his ninth claim, Gens

5   only cites 28 U.S.C. § 1338 in his tenth claim.  Accordingly, the Court will dismiss the claim.

6   The tenth claim cannot be amended because Gens clearly is engaging in claim splitting.

7          Gens argues that his tenth claim could be a violation of the California's Uniform Trade

8   Secrets Act, rather than California Business and Professional Code that is utilized in the state

9   case.  Opp'n 4.  However, both of Gens' state and federal unfair competition claims are premised

10  on allegations that SEZ America filed false patent applications for a PAD dryer after it illegally

11  learned about Gens' own work on PAD dryers.  Gens filed the unfair competition claim in his

12  State FACC on September 7, 2005, and filed a very similar claim in this Court on June 9, 2006.

13  When two actions involving the same parties and issues are filed in courts of concurrent

14  jurisdiction, the court receiving the latter filing may decline jurisdiction over the action.  *Church*

15  *of Scientology of California v. United States Dep't of the Army*, 611 F.2d 738, 749 (9th Cir.

16  1979); *Great N. Ry. Co. v. National R.R. Adjustment Bd.*, 422 F.2d 1187, 1193 (7th Cir. 1970).

17  "This 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to

18  be applied with a view to the dictates of sound judicial administration."  *Pacesetter Sys., Inc. v.*

19  *Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982).  Because Gens brought his unfair competition

20  claim in state court nine months before he first asserted it here, this Court will apply the first-to-

21  file rule.  Deference to the state court is particularly appropriate because Gens' unfair

22  competition counterclaim already has survived a demurrer in that court, and, notwithstanding the

23  fact that it names additional parties, it is based on the same nucleus of facts.

24         The rule against claim splitting usually arises when a final judgment has been entered in

25  a prior action and a party to a later action raises the defense of res judicata based upon judgment

26  in the prior action.  However, even though there is no final judgment, Gens still must prove that

27  the unfair competition claims within the concurrent state and federal actions arise from a

28  different set of transactional facts.  California courts often employ the "nucleus of facts"

approach to determine whether claims of two separate actions are identical. *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 68 ( Cal. Ct. App. 1987).  California courts also employ the "primary right theory."  Under this approach, claims of two actions are the same if they arise from injury to the same primary right. *Slater v. Blackwood*, 15 Cal.3d 791, 795 (Cal. Ct. App. 1975 ) ("the invasion of one primary right gives rise to a single cause of action.").  Gens would not prevail under either approach.

Gens' unfair competition claims in both actions arise from factual allegations that SEZ America allegedly filed false patent applications for a PAD dryer in order to obtain priority over and unfairly compete with Gens' filed patent applications.  Thus, Gens' claims in both actions are the same under either the "nucleus of facts" or the "primary right" approach.  Accordingly, Gens' federal unfair competition claim will be dismissed without leave to amend.  However, this determination is not on the merits and is without prejudice to future arguments by either party as to the preclusive effect of any adjudication of Gens' state unfair competition claim.

## III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED WITH LEAVE TO AMEND IN PART.  Any amended complaint must be filed within twenty (20) days of the date of this order.

DATED: March 19, 2007


_____
JEREMY FOGEL
United States District Judge

A copy of this Order was served on the following persons:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff *pro se*:

Timothy Gens
Post Office Box 61029
Palo Alto, CA 94306

Counsel for Defendant SEZ America:

Jason A. Geller
David P. Borovsky
Long & Levit LLP
465 California Street, Suite 500
San Francisco, CA 94104