UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>        Plaintiff,<br><br>  v.<br><br>SEZ AMERICA, INC.,<br><br>        Defendant. | Case No.: C 05-1009 JF (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS** |

On February 12, 2007, Defendant Sez America filed two motions to compel Plaintiff to comply with this court's prior order of December 6, 2006 (the "December 6th Order").[1] On April 6, 2007, this court issued an order (the "April 6th Order") that granted those motions and set a deadline of April 27, 2007 for Plaintiff to fully comply with the December 6th Order. On May 18, 2007, Defendant Sez America Inc. filed a motion for issue, evidence, dispositive, and monetary sanctions against Plaintiff, asserting that Plaintiff had failed to serve any supplemental discovery as required by the April 6th Order. Defendant noticed the hearing for June 26, 2007. Plaintiff initially failed to file any opposition to the motion for sanctions by the June 5, 2007 deadline for doing so. Defendant filed a reply to Plaintiff's "non-opposition." On June 22, 2007, Plaintiff filed an *ex parte* request to

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

enlarge time for the briefing schedule and to re-schedule the June 26, 2007 hearing. Defendant opposed the request. This court granted the request and set a new briefing schedule and hearing date. On July 10, 2007, the parties appeared for hearing on Defendant's motion for sanctions. Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED IN PART and DENIED IN PART.

Defendant's motion for monetary sanctions is GRANTED in the amount of $8,257.50 to reimburse Defendant for the fees incurred to bring the present *second* motion to compel compliance with this court's orders. At this time the court does not find it appropriate to award fees for the first two motions. However, there was clearly no substantial justification for Plaintiff's failure to comply with this court's April 6th Order.

Plaintiff claims to have timely served the supplemental responses and documents by the deadline set in this court's prior order. However Plaintiff's representations and evidence of such service are conflicting. For example, he submitted a proof of service indicating the documents were served by mail, yet at the hearing he insisted he hand-delivered the documents. Further, he fails to adequately explain why, having received Defense counsel's May 4, 2007 letter notifying Plaintiff that the supplemental discovery had not been received, he did not *immediately* deliver another copy. Had he done so, the present motion would have been unnecessary. Under all the circumstances, the court does not find Plaintiff's claim of timely compliance credible. And, in any event, the supplemental responses fall short of full compliance with this court's order as discussed below.

Defendant's motion for issue, evidence or dispositive sanctions is DENIED contingent on Plaintiff serving on Defendant, no later than July 27, 2007, supplemental responses that:

    1)    includes a supplemental response to Interrogatory No. 6, which was omitted entirely from his second supplemental responses;[2]

---

[2] In comparing Plaintiff's recent supplemental responses to interrogatories to the responses Defendants originally complained were insufficient, the court noticed that Plaintiff's recent supplementation omits Interrogatory No. 6. This court's April 6th Order required Plaintiff to provide proper interrogatory responses to "the interrogatories at issue in Defendant's motions to compel," which *included* Interrogatory No. 6. Yet Plaintiff's second supplemental responses inexplicably omitted any supplemental response to this interrogatory. (He also omitted any response to Interrogatory No. 19, however that interrogatory related to his tenth cause of action which District Judge Fogel has since dismissed.)

ORDER, *page 2*

2)     in response to Interrogatory Nos. 15, 17, 20, 21 & 22, specify the Bates numbers for any responsive documents that have Bates numbers;[3] and

3)     in response to Interrogatory No. 18, states the specific dollar amounts of: a) all earnings Plaintiff claims he lost as a result of the conduct alleged in his fifth, sixth and seventh cases of action; b) all benefits Plaintiff claims he lost as a result of the conduct alleged in his fifth, sixth and seventh cases of action; c) all legal expenses he has incurred as a result of the conduct alleged in his fifth, sixth and seventh cases of action; and d) all attorneys fees he has incurred as a result of the conduct alleged in his fifth, sixth and seventh cases of action.[4]

IT IS FURTHER ORDERED that Plaintiff may not later amend any of the subject interrogatory responses to add any additional facts, or produce additional documents responsive to the subject document requests, absent either written agreement of Defendant or order of the court for good cause shown. *See* FED.R.CIV.PRO. 37(c)(1) (precluding a party from using evidence that has not been seasonably disclosed, absent a showing of either substantial justification or lack of harm); *see also, Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that sanctions under Rule 37(c)(1) are "self-executing" and "automatic").

IT IS FURTHER ORDERED that defense counsel shall immediately serve a copy of this order on Plaintiff by fax.[5]

Dated: *7/13/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] After further review of Plaintiff's supplemental responses in light of the discussions at the hearing, it appears that Plaintiff contends that Exhibit A to his supplemental responses covers all of the documents he is identifying in response to *all* interrogatories asking him to identify documents. (As Defendant noted at the hearing, Plaintiff only references Exhibit A in his supplemental response to one interrogatory–Interrogatory No. 15.) That kind of mass identification of documents does not comply with this court's prior order, and is not a proper way to respond to multiple interrogatories that request identification of differing categories of documents. For each interrogatory asking for identification of documents, Plaintiff must include in his supplemental response the Bates numbers for the specific documents that he is identifying in response to the particular interrogatory. Any documents that do *not* fall within the ambit of a particular interrogatory should not be included within the response to that interrogatory.

[4] Plaintiff's claim at the hearing that he was unaware he was allowed to state the amounts of these damages is not credible. In its original motion to compel, Defendant expressly complained that Plaintiff had not provided any *amounts* in his response. The court granted that motion, implicitly requiring Plaintiff to provide the amounts of his claimed damages in his supplemental response.

[5] As previously noted by the court, defense counsel are signed up for electronic filing, and will be getting notice of this order through the court's electronic filing system. The court will also send hard copies of the order to both Plaintiff and defense counsel by first class mail.

ORDER, *page 3*

1  copies mailed on _____ to:

2  Timothy Gens
   Post Office Box 61029
3  Palo Alto, CA 94306

4  Jason A. Geller
   David P. Borovsky
5  Long & Levit
   465 California St., # 500
6  San Francisco, CA 94104

7

8                                              _____
                                               CORINNE LEW
                                               Courtroom Deputy
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28