UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>        Plaintiff,<br><br>  v.<br><br>SEZ AMERICA, INC.,<br><br>        Defendant. | Case No.: C 05-1009 JF (PVT)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE A MOTION FOR RECONSIDERATION** |

On or about July 25, 2007, Plaintiff submitted to the court a motion for permission to file a motion for reconsideration of this court's July 13, 2007 order.[1] Based on the motion, and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED. None of the reasons set forth in Plaintiff's motion warrant leave to move for reconsideration.

Civil Local Rule 7-9(b) requires a party requesting leave to move for reconsideration to show one of the following circumstances:

> "(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for

---

[1] Defendant filed an unsolicited opposition to the motion. Absent direction from the court, a non-moving party is not required to file any opposition to a motion for leave to move for reconsideration. *See* CIVIL L.R. 7-9(d). The court did not request any opposition, and it has not considered the opposition in ruling on Plaintiff's motion.

ORDER, *page 1*

which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

"(2) The emergence of new material facts or a change of law occurring after the time of such order; or

"(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Plaintiff fails to make any such showing.

Plaintiff first complains that the court did not give him enough *additional* time to prepare his opposition to Defendant's most recent motion. Defendant properly noticed its motion. Plaintiff failed to timely file any opposition. On the eve of the hearing, Plaintiff sought relief of court claiming he had not personally received the moving papers when they were first delivered to him. Though Plaintiff's showing of good cause was weak, the court nonetheless granted him an opportunity to file an opposition to Defendant's motion. Plaintiff fails to state what facts or legal authorities he would have submitted with his opposition if the court had given him a few days more to prepare his opposition. Thus, there is no reason to believe a different result would have occurred if the court had given Plaintiff even more additional time.

Plaintiff also complains that the April 6, 2007 and July 13, 2007 orders did not give him adequate time to provide the discovery.[2] However this argument ignores two facts. First, the discovery was originally propounded on July 19, 2006, and Plaintiff has never made any showing of justification for failing to timely provide the discovery in the first instance. Second, this court first issued an order compelling the subject discovery on December 6, 2006, *based on Plaintiff's agreement to provide the discovery* (contained in his original opposition to the motion to compel). Defendant's original motion requested an order that compelled Plaintiff to provide the discovery within 10 calendar days after the then-scheduled hearing date of December 12, 2006. As the court noted in its December 6, 2006 order, Plaintiff did not object to that proposed schedule in his opposition to the original motion. If Plaintiff needed more than 10 days to complete the discovery, he should have promptly informed the court of that fact after receiving the December 6, 2007 order.

---

[2] Plaintiff's complaint of inadequate time is inconsistent with his prior representations that he had *already* fully complied with this court's orders. Moreover, at no time did Plaintiff give the court any estimate of how much time it would take him to complete the subject discovery.

1  By July 13, 2007, Plaintiff had already had about a year since the discovery was first propounded,
2  over seven months since the December 6, 2007 order, and over three months since the April 6, 2007
3  order to complete the discovery.
4     Plaintiff further complains that Defendant served the July 13, 2007 order on him by express
5  mail, and that there was insufficient postage which purportedly caused further delay.  Conspicuously
6  missing is any indication of the date on which either copy of that order (one was also mailed to
7  Plaintiff by the court) actually arrived in his post office box.  And Plaintiff has not requested
8  additional time to comply based on any such delay.
9     Finally, Plaintiff complains that the monetary and issue sanctions are abusive, prohibited by
10 the Federal Rules of Civil Procedure (though he cites no legal authority for this argument), and
11 contrary to some undefined "normal discretionary practice" of the court.  The court disagrees.  The
12 monetary sanctions are based on just a portion of the fees Defendant incurred as a result of Plaintiff's
13 repeated and continuing failure to provide discovery despite two prior orders compelling the
14 discovery.  Although Defendant was forced to file three separate motions to compel, the court
15 awarded fees only for the most recent motion.  Such sanctions are well within the scope of sanctions
16 authorized by Rule 37.  The court has not ordered any "issue" sanctions at this time.  And the self-
17 executing evidentiary restrictions of 37(c)(1) will only apply to specific evidence if Plaintiff has not
18 disclosed that evidence and cannot show good cause for having failed to do so.[3]

19 Dated: *8/6/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] It may be that there will be evidence Plaintiff is barred from using at trial, or in a dispositive motion, based on his failure to timely disclose it.  However, as stated above, Plaintiff has had more than enough time to comply with this court's December 6, 2006 order compelling discovery.  Ultimately, any decision regarding whether a specific item of evidence is barred will be up to the Judge presiding at such trial or motion.

ORDER, *page 3*

1
2   ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***
3
4   copies mailed on   *8/6/07*    to:
5   Timothy Gens
    Post Office Box 61029
6   Palo Alto, CA 94306
7
                                            */s/ Donna Kirchner    for*
8                                           CORINNE LEW
                                            Courtroom Deputy
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28